## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on June 6, 2025**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| | : | **VIOLATIONS:** |
| | : | |
| | : | **18 U.S.C. § 2339A** |
| **v.** | : | **(Conspiracy to Provide Material** |
| | : | **Support and Resources to Terrorists** |
| | : | **Resulting in Death)** |
| | : | |
| **ZUBAYAR AL-BAKOUSH** | : | **18 U.S.C. §§ 2339A and 2** |
| | : | **(Providing Material Support and** |
| | : | **Resources to Terrorists Resulting in** |
| | : | **Death; Aiding and Abetting and Causing** |
| | : | **an Act to be Done)** |
| | : | |
| | : | **18 U.S.C. §§ 1116 and 2** |
| | : | **(Murder of an Internationally** |
| | : | **Protected Person; Aiding and** |
| | : | **Abetting and Causing an Act to be Done)** |
| | : | |
| | : | **18 U.S.C. §§ 2332(a)(1) and 2** |
| | : | **(Murder of a United States National** |
| | : | **Outside of the United States; Aiding and** |
| | : | **Abetting and Causing an Act to be Done)** |
| | : | |
| | : | **18 U.S.C. §§ 2332(b)(1) and 2** |
| | : | **(Attempted Murder of a United States** |
| | : | **National Outside of the United States;** |
| | : | **Aiding and Abetting and Causing an Act** |
| | : | **to be Done)** |
| | : | |
| | : | **18 U.S.C. §§ 81, 7(9), and 2** |
| | : | **(Arson and Placing Lives in Jeopardy** |
| | : | **Within the Special Maritime and** |
| | : | **Territorial Jurisdiction of the United** |
| | : | **States and Attempting to Do the Same;** |
| | : | **Aiding and Abetting and** |
| | : | **Causing an Act to be Done)** |
| | : | |

|   |   |
|---|---|
| : | **18 U.S.C. §§ 1363, 7(9), and 2** |
| : | **(Maliciously Destroying and Injuring** |
| : | **Property and Placing Lives** |
| : | **in Jeopardy Within the Special Maritime** |
| : | **and Territorial Jurisdiction of the United** |
| : | **States and Attempting to Do the Same;** |
| : | **Aiding and Abetting and Causing an Act** |
| : | **to Be Done)** |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE

**(Conspiracy to Provide Material Support and Resources to Terrorists Resulting in Death)**

At all times material to this Indictment:

### Introduction

**A. Background**

1. The country of Libya is located in North Africa along the Mediterranean Sea. Its capital is Tripoli. Benghazi, Libya's second largest city, is located in the northeastern part of the country, approximately 400 miles east of Tripoli.

2. In 1969, Muammar Gaddafi seized power in Libya through a coup and remained Libya's leader until 2011, at which time a civil war erupted in Libya. The civil war began in the city of Benghazi, which was controlled by the rebels and served as the base of operations for the rebel-led Transitional National Council ("TNC").

3. On February 25, 2011, the U.S. Department of State suspended operations in Libya and evacuated American personnel.

4. On April 5, 2011, the then-United States Special Envoy J. Christopher Stevens arrived in Benghazi to re-establish an American presence in Libya. On July 15, 2011, the United States

officially recognized the TNC as Libya's governing authority. In August 2011, Gaddafi was ousted from power.

5. In November 2011, the United States established a diplomatic outpost in Benghazi, known as the U.S. Special Mission ("Mission"). A contingent of U.S. State Department personnel was based at the Mission.

6. A second U.S. facility was established in Benghazi, known as the Annex. A contingent of U.S. personnel was based at the Annex.

7. On May 26, 2012, J. Christopher Stevens arrived in Tripoli as the U.S. Ambassador to Libya. On September 11, 2012, J. Christopher Stevens was in Benghazi.

8. On September 11 and 12, 2012, the Mission and the Annex were attacked.

**B. <u>The Defendant</u>**

9. **ZUBAYAR AL-BAKOUSH** (hereinafter referred to as **BAKOUSH**) was a citizen of Libya and resident of Benghazi. **BAKOUSH** was a member of Ansar Al Sharia ("AAS"), an Islamist extremist militia in Benghazi, which had the goal of establishing Sharia law in Libya.

**C. <u>U.S. Personnel Victims of the September 11-12, 2012 Attack on the Mission and Annex</u>**

10. J. Christopher Stevens, a citizen of the United States, was the United States Ambassador to Libya and was stationed at the U.S. Embassy in Tripoli.

11. Sean Smith, a citizen of the United States, was employed by the U.S. Department of State as an Information Management Officer and was stationed at the Mission.

12. Scott Wickland, a citizen of the United States, was employed by the U.S. Department of State as an Assistant Regional Security Officer and was stationed at the Mission.

13. David Ubben, a citizen of the United States, was employed by the U.S. Department of State as an Assistant Regional Officer and was stationed at the Mission.

14. Tyrone Woods, a citizen of the United States, was a Security Officer and was stationed at the Annex in Benghazi.

15. Glen Doherty, a citizen of the United States, was a Security Officer and was stationed at the U.S. Embassy in Tripoli.

16. Mark Geist, a citizen of the United States, was a Security Officer and was stationed at the Annex in Benghazi.

**D. Jurisdiction and Venue**

17. All of the offenses set forth in this Indictment were begun and committed in Libya, which is outside the jurisdiction of any particular state or district, but within the extraterritorial jurisdiction of the United States. Defendant BAKOUSH does not have a residence in any district of the United States. Joint offender AHMED ABU KHATALLAH was first brought to the District of Columbia. Pursuant 18 U.S.C. § 3238, the offenses set forth in this Indictment are within the venue of the United States District Court for the District of Columbia.

**The Conspiracy**

18. Beginning on a date unknown to the Grand Jury but no later than on or about September 11, 2012, and continuing until on or about September 12, 2012, in Libya, defendant **BAKOUSH** did intentionally conspire and agree with other conspirators known and unknown to the Grand Jury, to provide and attempt to provide material support and resources to terrorists, that is, personnel including himself and others, as defined in 18 U.S.C. § 2339A(b)(1), knowing and intending that the material support and resources were to be used in preparation for and in carrying out a violation of 18 U.S.C. § 1116, Murder of an Internationally Protected Person, as set forth in Count Three of this Indictment; violations of 18 U.S.C. § 2332(a),

Murder of a United States National Outside of the United States, as set forth in Counts Four through Five of this Indictment; a violation of 18 U.S.C. § 2332(b), Attempted Murder of a United States National Outside of the United States, as set forth in Count Six of this Indictment; a violation of 18 U.S.C. § 81, Arson and Placing Lives in Jeopardy Within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same, as set forth in Count Seven of this Indictment; and a violation of 18 U.S.C. § 1363, Maliciously Destroying and Injuring Property and Placing Lives in Jeopardy Within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same, as set forth in Count Eight of this Indictment; and the deaths of Ambassador J. Christopher Stevens, Sean Smith, Tyrone Woods, and Glen Doherty resulted.

## Goals of the Conspiracy

19. The goals of the conspiracy were, among others:

   a. To remove the presence of the United States in Benghazi, Libya, through the use of force and the threat of force;

   b. To violently attack the Mission;

   c. To violently attack the Annex;

   d. To kill United States citizens at the Mission;

   e. To kill United States citizens at the Annex;

   f. To destroy buildings and other property at the Mission;

   g. To destroy buildings and other property at the Annex;

   h. To plunder property from the Mission, including documents, maps and computers containing sensitive information; and

    i.  To use documents, maps and computers containing sensitive information plundered from the Mission to identify and coordinate additional attacks against United States citizens, installations, and interests in Libya.

## Overt Acts

20. In furtherance of this conspiracy and to affect its objects, **BAKOUSH** and other conspirators committed or caused to be committed the following overt acts, among others:

    a.  On the evening of September 11, 2012, **BAKOUSH** drove to the Mission;

    b.  **BAKOUSH** and his conspirators traveled to the Mission armed with assault rifles, other firearms, and explosive devices;

    c.  On September 11, 2012, at approximately 9:45 p.m., conspirators, consisting of a group of about twenty armed men, violently breached the main (C-1) gate of the Mission;

    d.  On September 11, 2012, between approximately 9:45 and 10:00 p.m., conspirators set fire to buildings within the Mission, including Villa C, a building occupied by J. Christopher Stevens, Sean Smith, and Scott Wickland, resulting in the deaths of J. Christopher Stevens and Sean Smith, and the attempted murder of Scott Wickland, and the Quick Reaction Force building, occupied by local Libyans serving as guards for the Mission;

    e.  On September 11, 2012, at approximately 10:01 p.m., **BAKOUSH** entered the Mission compound with other conspirators;

    f.  On September 11, 2012, at approximately 10:02 p.m., **BAKOUSH** conducted surveillance activity in and around the area of the Tactical Operation Center and Villa

B;

g. On September 11, 2012, at approximately 10:03 p.m., **BAKOUSH** attempted to gain entry to vehicles belonging to the Mission staff;

h. On September 11, 2012, at approximately 10:15 p.m., the conspirators temporarily retreated to an area just outside the Mission;

i. On September 11, 2012, at approximately 11:15 p.m., conspirators assembled outside the Mission's southern (C-3) gate and launched a violent attack on the Mission using firearms, to include handguns, semiautomatic assault rifles, that is, AK-47-type assault rifles, and destructive devices, that is, grenades and rocket-propelled grenades;

j. On September 11, 2012, at approximately 11:45 p.m., conspirators entered the Mission compound and began to plunder material from within the Mission's Office including documents, maps and computers containing sensitive information about the location of the Annex;

k. On September 12, 2012, beginning at approximately 12:30 a.m., conspirators attacked the Annex with small arms fire, including AK-47-type assault rifles and rocket-propelled grenades;

l. On September 12, 2012, at approximately 5:15 a.m., conspirators attacked the Annex with mortars, resulting in the deaths of Tyrone Woods and Glen Doherty and serious bodily injury to David Ubben and Mark Geist.

**(Conspiracy to Provide Material Support and Resources to Terrorists Resulting in Death,** in violation of 18 U.S.C. § 2339A)

## COUNT TWO

### (Providing Material Support and Resources to Terrorists Resulting in Death)

21. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 20 of Count One of this Indictment.

22. Beginning on a date unknown to the Grand Jury but no later than on or about September 11, 2012, and continuing until on or about September 12, 2012, in Libya, defendant **BAKOUSH** and other conspirators known and unknown to the Grand Jury, did provide material support and resources to terrorists, that is, personnel including himself and others, as defined in 18 U.S.C. § 2339A(b)(1), knowing and intending that the material support and resources were to be used in preparation for and in carrying out a violation of 18 U.S.C. § 1116, Murder of an Internationally Protected Person, as set forth in Count Three of this Indictment; violations of 18 U.S.C. § 2332(a), Murder of a United States National Outside of the United States, as set forth in Counts Four through Five of this Indictment; violations of 18 U.S.C. § 2332(b), Attempted Murder of a United States National Outside of the United States, as set forth in Count Six of this Indictment; a violation of 18 U.S.C. § 81, Arson and Placing Lives in Jeopardy Within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same, as set forth in Count Seven of this Indictment; and a violation of 18 U.S.C. § 1363, Maliciously Destroying and Injuring Property and Placing Lives in Jeopardy Within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same, as set forth in Count Eight of this Indictment; and the deaths of Ambassador J. Christopher Stevens, Sean Smith, Tyrone Woods, and Glen Doherty resulted.

**(Providing Material Support and Resources to Terrorists Resulting in Death,** in violation of 18 U.S.C. § 2339A; **Aiding and Abetting and Causing an Act to Be Done,** in violation of 18 U.S.C. § 2)

8

## COUNT THREE

### (Murder of an Internationally Protected Person)

23. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 20 of Count One of this Indictment.

24. On or about September 11, 2012, in Benghazi, Libya, defendant **BAKOUSH**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, and in the knowing perpetration of, and attempt to perpetrate, an arson and a burglary, commit the murder of an internationally protected person, as defined by 18 U.S.C. § 1116(b)(4), by killing Ambassador J. Christopher Stevens, a representative, officer, employee, and agent of the United States, who, as the United States Ambassador to Libya, was entitled pursuant to international law to special protection against attack upon his person, freedom, and dignity.

(**Murder of an Internationally Protected Person,** in violation of 18 U.S.C. § 1116; **Aiding and Abetting and Causing an Act to Be Done,** in violation of 18 U.S.C. § 2)

## COUNT FOUR

### (Murder of a United States National Outside of the United States)

25. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 20 of Count One of this Indictment.

26. On or about September 11, 2012, in Benghazi, Libya, defendant **BAKOUSH**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, and in the knowing perpetration of, and attempt to perpetrate, an arson and a burglary, kill Ambassador J. Christopher Stevens, a national of the United States, while such national was outside the United States.

9

**(Murder of a United States National Outside of the United States,** in violation of 18 U.S.C. § 2332(a)(1); **Aiding and Abetting and Causing an Act to Be Done,** in violation of 18 U.S.C. § 2)

## COUNT FIVE

**(Murder of a United States National Outside of the United States)**

27. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 20 of Count One of this Indictment.

28. On or about September 11, 2012, in Benghazi, Libya, defendant **BAKOUSH**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, and in the knowing perpetration of, and attempt to perpetrate, an arson and a burglary, kill Sean Smith, a national of the United States, while such national was outside the United States.

**(Murder of a United States National Outside of the United States,** in violation of 18 U.S.C. § 2332(a)(1); **Aiding and Abetting and Causing an Act to Be Done,** in violation of 18 U.S.C. § 2)

## COUNT SIX

**(Attempted Murder of a United States National Outside of the United States)**

29. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 20 of Count One of this Indictment.

30. On or about September 11, 2012, in Benghazi, Libya, defendant **BAKOUSH**, and others known and unknown to the Grand Jury, did unlawfully, willfully, deliberately, maliciously, and with premeditation and malice aforethought, and in the knowing perpetration of, and attempt to perpetrate, an arson and a burglary, attempt to kill Scott Wickland, a national of the United States, while such national was outside the United States.

**(Attempted Murder of a United States National Outside of the United States,** in violation of 18 U.S.C. § 2332(b)(1); **Aiding and Abetting and Causing an Act to Be Done,** in violation of 18 U.S.C. § 2)

## COUNT SEVEN

**(Arson and Placing Lives in Jeopardy Within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same)**

31. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 20 of Count One of this Indictment.

32. On or about September 11, 2012, in Benghazi, Libya, defendant **BAKOUSH**, and others known and unknown to the Grand Jury, at a place within the special maritime and territorial jurisdiction of the United States, namely the U.S. Special Mission, did willfully and maliciously set fire to and attempt to set fire to, and burn and attempt to burn buildings and structures contained within the U.S. Special Mission, including Villa C and other real property, and the lives of United States nationals were placed in jeopardy.

**(Arson and Placing Lives in Jeopardy within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same,** in violation of 18 U.S.C. §§ 81 and 7(9); **Aiding and Abetting and Causing an Act to Be Done,** in violation of 18 U.S.C. § 2)

## COUNT EIGHT

**(Maliciously Destroying and Injuring Property and Placing Lives in Jeopardy within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same)**

33. The Grand Jury realleges and incorporates by reference as if fully stated herein paragraphs 1 through 20 of Count One of this Indictment.

34. On or about September 11, 2012, in Benghazi, Libya, defendant **BAKOUSH**, and others known and unknown to the Grand Jury, at a place within the special maritime and territorial jurisdiction of the United States, namely the U.S. Special Mission, willfully and maliciously did destroy and injure and attempt to destroy and injure a structure, conveyance, and other real and personal property, that is, vehicles and real property contained within the U.S. Special

Mission, including Villa C and other real property, and the lives of United States nationals

were placed in jeopardy.

**(Maliciously Destroying and Injuring Property and Placing Lives in Jeopardy within the Special Maritime and Territorial Jurisdiction of the United States and Attempting to Do the Same,** in violation of 18 U.S.C. § § 1363 and 7(9); **Aiding and Abetting and Causing an Act to Be Done,** in violation of 18 U.S.C. § 2)

## Notice of Special Findings

a.  The allegations of Counts Three, Four, and Five of this Indictment are hereby realleged as if fully set forth herein and incorporated by reference.

b.  As to Counts Three, Four, and Five of this Indictment:

1. Defendant **BAKOUSH** was not less than 18 years of age at the time of the offense (18 U.S.C. § 3591(a));

2. Defendant **BAKOUSH** intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victims died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

3. The victims' death, and injury resulting in death, occurred during the commission and attempted commission of offenses under Section 1116 of Title 18 (murder of an internationally protected person), and Section 2332 of Title 18 (terrorist acts abroad against U.S. nationals) (18 U.S.C. § 3592(c)(1));

4. Defendant **BAKOUSH**, in the commission of the offense, knowingly created a grave risk of death to one or more persons in addition to the victims of the offenses (18 U.S.C. § 3592(c)(5)).


A TRUE BILL


FOREPERSON


JEANINE FERRIS PIRRO
United States Attorney


GREGG A. MAISEL
Assistant United States Attorney
Chief, National Security Section
Deputy Chief, Criminal Division

13