IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| v. | ) | **Case No. 1:25-cr-370 (CRC)** |
| | ) | |
| **ZUBAYAR AL BAKOUSH** | ) | |
|        **Defendant.** | ) | |
| | ) | |
| | ) | |

### ZUBAYAR AL-BAKOUSH'S MOTION TO DISMISS
### FOR SPEEDY TRIAL AND DUE PROCESS VIOLATIONS

The United States Special Mission in Benghazi, Libya was attacked in 2012 (the attack). In 2015, the government charged Zubayar Al-Bakoush by criminal complaint, alleging that during the attack he was armed on the Special Mission grounds and inspecting vehicles. *See* ECF No. 1-1. Since September 2012, Mr. Al-Bakoush has traveled at least half a dozen times internationally, including to countries allied with the United States and even to a NATO country, Turkey. Mr. Al-Bakoush also contacted the Federal Bureau of Investigation (FBI) himself to provide his name and information when he saw his photograph on an FBI website after the attack. He never received a response.

In or around 2020, the FBI questioned Mr. Al-Bakoush in person at least twice when he was in custody in Libya for no apparent purpose other than to be interviewed by the FBI. Yet, despite the 2015 pending charges, and the FBI having

effective custody of him at that time, the FBI did not arrest him. He was released. In other words, since the attack, Mr. Al-Bakoush has been neither running nor hiding. Instead, displaced by Libya's civil war, Mr. Al-Bakoush has been living under his real name with his wife and four children in subsidized housing in Libya's capital.

After all of that—almost fourteen years after the attack, approximately twelve years after Mr. Al-Bakoush reached out to the FBI to identify himself, over ten years after the government criminally charged him, and approximately six years after the FBI interviewed him in custody multiple times—the government now seeks to bring Mr. Al-Bakoush to trial on offenses carrying the possibility of death. To the 2015 complaint affidavit, the indictment in this case adds a single new allegation with respect to Mr. Al-Bakoush: that he was a member of the Ansar Al-Sharia militia (*compare* ECF 1-1 *with* ECF 6 at 3), an assertion undermined by prior trial testimony of not one, but two key government witnesses in two prior trials.[1]

For the reasons to be addressed in Mr. Al-Bakoush's forthcoming Memorandum in Support,[2] the extraordinary delay prior to bringing Mr. Al-

---

[1] *See United States v. Khatalla*h, No. 1:14-cr-00141, Trial Tr. at 2441:20-25 (D.D.C. Oct. 17, 2017); *United States v. Al-Imam*, No. 1:17-cr-00213, Trial Tr. at 883:15–20 (D.D.C. May 13, 2019); *United States v. Al-Imam*, No. 1:17-cr-00213, Trial Tr. at 981:23–24 (D.D.C. May 13, 2019); *United States v. Al-Imam*, No. 1:17-cr-00213, Trial Tr. at 1987:9–25 (D.D.C. May 20, 2019); *United States v. Al-Imam*, No. 1:17-cr-00213, Trial Tr. at 2057:4–15 (D.D.C. May 21, 2019).

[2] This memorandum is forthcoming for the reasons outlined in the contemporaneously-filed Joint Motion for a Scheduling Order.

Bakoush before this Court violates his constitutional rights to a speedy trial and due process, and the indictment should be dismissed.[3] Because the government may seek the death penalty in this matter, these constitutional violations also violate Mr. Al-Bakoush's Eighth Amendment right to be free from cruel and unusual punishment.

---

[3] *See Doggett v. United States*, 505 U.S. 647, 655 (1992); *Barker v. Wingo*, 407 U.S. 514, 532 (1972); *United States v. Marion*, 404 U.S. 307 (1971); *Smith v. Hooey*, 393 U.S. 374, 383 (1969); *United States v. Heshelman*, 521 F. App'x 501, 507 (6th Cir. 2013); *see also United States v. Ferreira*, 665 F.3d at 701, 708 (6th Cir. 2011); *United States v. Seltzer*, 595 F.3d 1170, 1175-76 (10th Cir. 2010); *United States v. Mendoza*, 530 F.3d 758, 763 (9th Cir. 2008); *United States v. Ingram*, 446 F.3d 1332, 1337 (11th Cir. 2006); *United States v. Brown*, 169 F.3d 344, 348 (6th Cir. 1999); *United States v. Hayes*, 40 F.3d 362, 365 (11th Cir. 1994); *United States v. Pomeroy*, 822 F.2nd 718 (8th Cir. 1987); *United States v. McConahy*, 505 F.2d 770, 773 (7th Cir. 1974); *United States v. Shalom*, No. CR 19-100 (BAH), 2022 WL 2355417, at *5 (D.D.C. June 30, 2022); *United States v. Houmane*, 898 F. Supp. 2d 153, 168 (D.D.C. 2012); *United States v. Fernandes*, 618 F. Supp. 2d 62, 67 (D.D.C. 2009).

Therefore, for all of the reasons to be detailed in Mr. Al-Bakoush's forthcoming Memorandum in Support, the indictment against him should be dismissed.

Respectfully submitted,

ZUBAYAR AL-BAKOUSH
by counsel


_____/s/_____
Jessica Carmichael, DC Bar 998952
Zachary Deubler, DC Bar 1615063
CARMICHAEL ELLIS & BROCK, PLLC
108 N. Alfred Street, 1st Fl
Alexandria, Virginia 22314
703.684.7908 / Fax 649.6360
jessica@carmichaellegal.com
zach@carmichaellegal.com

Kyle R. Boynton, VA Bar 92123 *
K.R. BOYNTON, PLLC
108 N. Alfred Street, 1st Fl
Alexandria, Virginia 22314
571.274.6199
kyle@boynton.law
*DDC admission application pending

*Attorneys for Zubayar Al-Bakoush*